IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | **3-19CR-316-B** |
| RUBENHAY PINKHASOV | |

## FACTUAL RESUME

In support of Rubenhay Pinkhasov's plea of guilty to the offense in Count One of the Information, the defendant, Rubenhay Pinkhasov; the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation 18 U.S.C. §§ 371 and 2314, that is, conspiracy to transfer stolen property and receive stolen property in interstate commerce with a value of over $5,000, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant and at least one other person made an agreement to commit the crime of transferring stolen property in interstate commerce as charged in the Information;

*Second.*  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.*  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

---

[1] Fifth Circuit Pattern Jury Instruction 2.88 (5th Cir. 2015).

**Factual Resume—Page 1**

The elements of transferring in interstate commerce stolen property, a violation of 18 U.S.C. § 2314, are as follows:[2]

> *First.*  That the defendant transported or caused to be transported in interstate commerce items of stolen property as charged in the Information;
>
> *Second.*  That at the time of such transportation, the defendant knew the property had been stolen; and
>
> *Third.*  That the property had a value of $5,000 or more.

## STIPULATED FACTS

1.      Beginning in mid-October of 2015, and continuing through the beginning of December of 2015, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Rubenhay Pinkhasov** ("Pinkhasov"), did knowingly, combine, conspire, confederate, and agree with others to commit an offense against the United States, to wit: transportation of stolen goods, securities, and money having a value of $5,000 or more, in interstate commerce, in violation of 18 U.S.C. § 2314.

2.      Pinkhasov further admits that he and the coconspirators would and did agree on a price for the stolen jewelry, which came from the state of Texas, that was mutually beneficial to both parties—the defendant, who was knowingly acting as the fence for the stolen diamonds and jewelry, and the robbers, who were keen on converting the proceeds of their crime to cash.

---

[2] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).

Factual Resume—Page 2

3.     More specifically, Pinkhasov admits that he knowingly and willfully conspired and agreed with others to transfer in interstate commerce stolen property, namely jewels, diamonds, and necklaces worth over hundreds of thousands of dollars. Pinkhasov admits that he knew at the time of the purchase of the stolen property that he was purchasing/receiving stolen property and helping transfer stolen property across state lines because of the circumstances of the transaction, his history with the robbers, the avoidance of the creation of business records and documentation, and the payment for cash on purchases for prices that were significantly below market value.

4.     Indeed, Pinkhasov admits that he conspired and agreed with others to convert the stolen diamond and jewels for profit. Pinkhasov worked, in at least one occasion during the scope of the conspiracy, with Individual A, to fence the stolen jewelry and diamonds across state lines.

5.     Pinkhasov further admits that to advance the conspiracy to transfer and receive stolen property, he avoided creating an effective Anti-Money Laundering Policy, did not file currency transaction reports, and attempted to keep the illegal deals "off the books."

6.     Pinkhasov further admits that he and his coconspirators took a number of overt acts to conspire to transfer stolen property in interstate commerce with a value of $5,000. Some of the overt acts include: (1) meeting to discuss price and the karat value of the stolen diamonds; (2) tendering and receiving cash to avoid creating ordinary business records; and (3) transferring the stolen property—worth over $5,000—between states, including Texas, Florida, and New York. Pinkhasov further admits that he is

Factual Resume—Page 3

aware now and concedes that an overt act occurred in the Dallas Division of the Northern District of Texas—the purchase of a bus ticket by a coconspirator.

7.     Pinkhasov further admits that he conspired and agreed with precious metal dealers and purchasers in New York to further conceal that the jewelry and diamonds have been stolen and with the intent to make a profit from the stolen jewelry and diamonds.   In sum, Pinkhasov admits that he participated in a conspiracy to transfer and receive in interstate commerce stolen property having a value of approximately $1,007,823.

8.     Pinkhasov agrees that he committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Pinkhasov's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 20th day of ___June___, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RUBENHAY PINKHASOV
Defendant

_____
ROBERT JOSEFSBERG
Attorney for Defendant

_____
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, Third Floor
Tel:  214-659-8713
Email: ryan.raybould2@usdoj.gov

**Factual Resume—Page 4**